UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **CANDID PAIM,** | : | Civil Action No. 15-5620 (CCC) |
| **Plaintiff,** | : | |
| v. | : | REPORT & RECOMMENDATION |
| **SANTANDER CONSUMER USA,** | : | |
| **Defendants.** | : | |

**CLARK, Magistrate Judge**

This matter has been opened by the Court *sua sponte* based on Plaintiff's failure to comply with Court Orders and prosecute her case. For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice.

**BACKGROUND**

Plaintiff Candida Paim ("Plaintiff") instituted this action in state court on or about June 15, 2015 against Defendant Santander Consumer USA ("Defendant") alleging claims under the Telephone Consumer Protection Act, Fair Debt Collection Practices Act, as well as claims for breach of contract and improper collection practices in connection with her car loan. [*See* Docket Entry No. 1]. Defendants removed this action to federal court on or about July 17, 2015. [*See* Docket Entry No. 1]. Defendant subsequently filed its Answer on August 10, 2015. Thereafter, the court set an initial conference on September 21, 2015 pursuant to Rule 16 of the Federal Rules of Civil Procedure. [*See* Docket Entry No. 2]. The initial conference was adjourned to September 29, 2015. [*See* Docket Entry Nos. 4, 5]. Plaintiff did not appear at the September 29, 2015 initial conference, and did not contact the Court requesting an adjournment or otherwise.

1

Accordingly, the Court issued an Order on September 28, 2015, adjourning the initial conference to October 30, 2015. On October 28, 2015, Defendant filed a proposed Joint Discovery Plan, advising that "[Defendant has] not been able to get in touch with Plaintiff . . ." As Defendant had been unable to contact Plaintiff, the Court converted the initial conference to a telephone status conference on that same date and time. Again, Plaintiff failed to appear despite Defendant's efforts to contact her.

On October 30, 3015, the Court issued an Order to Show Cause ("OTSC") to Plaintiff for failure to prosecute her case. [*See* Docket Entry No. 7]. The OTSC was sent to Plaintiff last known address via regular and certified mail. [*See* Docket Entry No. 9]. The OTSC mandated that Plaintiff appear in-person before the undersigned on November 23, 2015 and that she submit a position paper no later than November 13, 2015. No submission was received from Plaintiff and indeed, Plaintiff failed to appear for the hearing. At the hearing, Defendant's counsel advised that he called Plaintiff several times and has not received any communications from the Plaintiff.

## ANALYSIS

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). In both instances, dismissal may be an appropriate penalty. *Id.*

In *Poulis v. State Farm Casualty Co.*, 747 F.2d at 863 (3d Cir. 1984) the Third Circuit identified six factors for courts to balance when deciding whether to impose an involuntary order of dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

**1. Plaintiff's Personal Responsibility.** In this case it appears that Plaintiff is solely responsible for her failure to comply with court orders and to prosecute her case. Plaintiff has failed to meet Court imposed deadlines by a) failing to appear at the initial scheduling conference on September 29, 2015; b) failing to participate in the preparation and submission of a joint discovery plan with defense counsel in advance thereof; c) failing to appear for the October 30, 2015 status telephone conference; d) failing to submit any position paper required by this Court's OTSC; and e) failing to appear for the OTSC hearing on November 23, 2015.

**2. Prejudice to Defendants.** Plaintiff's refusal to participate in advancing this case and to comply with Court orders has caused manifest injustice to Defendant. Plaintiff initiated this action and has done very little, if anything, to move this action forward. Plaintiff's actions, or lack thereof, support dismissal. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

**3. History of Dilatoriness.** Plaintiff has a history of dilatoriness. As detailed above, Plaintiff failed to appear for the September 29, 2015 initial conference and the October 30, 2015 telephone status conference. Additionally, Plaintiff failed to submit paperwork required by the

3

Court's Orders or attend the OTSC hearing on November 23, 2015. Plaintiff's inaction in this regard further supports dismissal of this action.

    **4. Willfulness or Bad Faith.** The Court will not conclude that Plaintiff has proceeded in bad faith. However, Plaintiff's conduct has been willful. Plaintiff has been willfully unresponsive to Court proceedings and to Court orders. These circumstances, when taken as a whole, suggest that Plaintiff has abandoned this case and further support dismissal as the appropriate remedy.

    **5. Effectiveness of Alternative Sanctions.** The record of unresponsiveness suggests that alternative sanctions would be futile. Despite numerous chances, and despite this Court's warning of the consequences of her continued inaction, Plaintiff has failed to participate in and prosecute her case. On these facts, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 2011 WL 2610098 (D.N.J.).

    **6. Meritoriousness of the Claims.** The Court is unable to determine the meritoriousness of Plaintiff's claim at this juncture.

    In sum, Plaintiff has ignored the Court's Order to make an appearance to show cause why this case should not be dismissed which further demonstrates the pattern of non-compliance and dilatoriness. Plaintiff's failure in this regard establishes Plaintiff's failure to adequately prosecute this matter which was initiated against Defendant.

## CONCLUSION

    The Court having considered this matter pursuant to Fed. R. Civ. P. 78 and having given consideration of the *Poulis* factors;

IT IS on this 7th day of December, 2015,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE pursuant to FED.R.CIV.P. 41(b); and it is

ORDERED that the Clerk of the Court shall serve a copy of this Order by certified and regular mail to Plaintiff.

The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to FED.R.CIV.P. 72(b)(2).

    s/James B. Clark, III
**HONORABLE JAMES B. CLARK, III**
**UNITED STATES MAGISTRATE JUDGE**